Michael R. Lozeau (State Bar No. 142893)
Richard T. Drury (State Bar No. 163559)
Douglas J. Chermak (State Bar No. 233382)
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: (510) 836-4200
Fax: (510) 836-4205 (fax)
E-mail: michael@lozeaudrury.com
        richard@lozeaudrury.com
        doug@lozeaudrury.com

Gideon Kracov (State Bar No. 179815)
LAW OFFICE OF GIDEON KRACOV
801 S. Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
Tel: (213) 629-2071
Fax: (213) 623-7755
Email: gk@gideonlaw.net

Attorneys for Plaintiff
CALIFORNIA COMMUNITIES
AGAINST TOXICS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, an unincorporated non-profit association,<br><br>Plaintiff,<br><br>vs.<br><br>ARMORCAST PRODUCTS COMPANY, INC., a corporation; ARI ALEONG, an individual,<br><br>Defendants. | Case No. 2:14-cv-05728-PA-FFM<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE AND MEMORANDUM IN SUPPORT THEREOF**<br><br>[Local Rule 7-19]<br><br>Hearing Date: February 9, 2015<br>Time: 1:30 p.m.<br>Courtroom: 15<br>Judge: Hon. Percy Anderson |

PLAINTIFF'S EX PARTE APPLICATION FOR
LEAVE TO FILE A RESPONSE                                    Case No. 2:14-cv-05728-PA-FFM
TO DEFENDANTS'OBJECTIONS TO EVIDENCE

1

Pursuant to Local Rule 7-19, Plaintiff California Communities Against Toxics ("CCAT") hereby makes an ex parte application for leave to file a response to Defendants Armorcast Products Company, Inc.'s and Ari Aleong's Objections to Evidence Filed By Plaintiff in Opposition to Motion to Dismiss (Dkt. No. 48). Plaintiff submits the following memorandum in support of its application.

## Memorandum

On January 26, 2015, Defendants filed objections to evidence to the two declarations (from Jane Williams and Robina Suwol) that Plaintiff filed on January 16, 2015 (Dkt. Nos. 43 and 44), in support of Plaintiff's Opposition to Defendants' Motion to Dismiss. Plaintiff contends that it will be prejudiced if it is not able to respond to said objections.

Defendants are represented by the following counsel:

Edward D. Vaisbort, Esq.
Jamie O. Norman, Esq.
Edward C. Hsu, Esq.
LITCHFIELD CAVO LLP
251 S. Lake Avenue, Ste. 750
Pasadena, CA 91101-3003
Tel: (626) 683-1100
vaisbort@litchfieldcavo.com
norman@litchfieldcavo.com
hsu@litchfieldcavo.com

On February 5, 2015, Plaintiff's counsel contacted Defendants' counsel to explain the reasons for the ex parte application and inquire whether Defendants would oppose the ex parte application. Declaration of Douglas J. Chermak in Support of Ex Parte Application ("Chermak Dec."), ¶ 2. Defendants' counsel responded that Defendants were opposed to the ex parte application. *Id.* at ¶ 3.

Plaintiff's Response to Defendants' Objections to Evidence ("Plaintiff's Response") is attached to this ex parte application as Exhibit A. A Supplemental Declaration from Jane Williams in support of Plaintiff's Response is attached

hereto as Exhibit B.  Plaintiff is aware that pursuant to Local Rule 7-10 a response to the reply (a "surreply") is not permitted absent the prior written order of the Court.  However, Plaintiff's Response is only a direct, point-by-point response to each of Defendants' Objections to Evidence.  It is formatted in the same tabular style as Defendants' objections.  Plaintiff's Response does not contain any counter-arguments or responses to any arguments or points set forth by Defendants in their reply brief in support of Defendants' Motion to Dismiss (Dkt. No. 46).  It is not a surreply whatsoever.  Moreover, the supplemental declaration in support of Plaintiff's Response responds directly to concerns brought up by Defendants' objection.  Plaintiff did not originally file the documents attached to the supplemental declaration because it did not think such documents were necessary at this stage given the allegations in Plaintiff's Second Amended Complaint coupled with the evidence contained in the declarations it submitted in support of its Opposition to Defendants' Motion to Dismiss.  Indeed, a similar situation involving a supplemental declaration has previously been sanctioned by the district court:

> Defendant's objections to the supplemental declaration on the grounds that it was not included with the opposition and seeks to introduce new evidence are also overruled. The supplemental declaration cannot be construed as new evidence since it responds to concerns brought up by Defendant's objections. Additionally, Defendant has not been prejudiced by the admission of this evidence because Defendant has been provided with, and has taken advantage of, the opportunity to respond to the supplemental declaration in its objections.

*E.B.C. Trust Corp. v. JB Oxford Holdings, Inc.*, 2005 U.S. Dist. LEXIS 46806, 5-6 (C.D. Cal. 2005).

Here, Plaintiff will be prejudiced if Defendants are able to make unopposed objections to Plaintiff's evidence.  Defendants, on the other hand, will not experience any prejudice since they have a full opportunity to respond.  Defendants

PLAINTIFF'S EX PARTE APPLICATION FOR
LEAVE TO FILE A RESPONSE                                    Case No. 2:14-cv-05728-PA-FFM
TO DEFENDANTS' OBJECTIONS TO EVIDENCE

3

have already filed an opposition to Plaintiff's Response as well as its supplemental declaration (Dkt. No. 52), and have indicated again that they will again file an opposition to Plaintiff's ex parte application. Chermak Dec., ¶ 3. Further, this ex parte application can be addressed by this Court on February 9, 2015, at the same hearing already scheduled for Defendants' motion to dismiss.

Dated: February 5, 2015        Respectfully submitted,


                                              */s  Douglas J. Chermak*
                                              Douglas J. Chermak
                                              LOZEAU DRURY LLP
                                              Attorneys for Plaintiff
                                              CALIFORNIA COMMUNITIES AGAINST TOXICS

PLAINTIFF'S EX PARTE APPLICATION FOR
LEAVE TO FILE A RESPONSE                              Case No. 2:14-cv-05728-PA-FFM
TO DEFENDANTS' OBJECTIONS TO EVIDENCE

4