UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss Second Amended Complaint filed by defendants Armorcast Products Company, Inc. ("Armorcast") and Ari Aleong (collectively "Defendants") (Docket No. 40). Defendants challenge the sufficiency of the Second Amended Complaint ("SAC") filed by plaintiff California Communities Against Toxics ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 9, 2015, is vacated, and the matter taken off calendar.

I.      **Factual and Procedural Background**

Plaintiff commenced this action on July 23, 2014. After Armorcast filed a Motion to Dismiss the original Complaint, Plaintiff filed a First Amended Complaint ("FAC") as a matter of right. See Fed. R. Civ. P. 15(a)(1)(B). Armorcast moved to dismiss the FAC on numerous grands, including that Plaintiff lacked standing to pursue its claims. The Court granted Armorcast's Motion to Dismiss the FAC with leave to amend. Plaintiff subsequently filed its SAC. The SAC alleges claims pursuant to the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. §§ 1251-1387, against Armorcast and Ari Aleong, Armorcast's Director of Technology. According to the SAC, storm water at Armorcast's facility in North Hollywood is channeled to a storm drain that discharges to Los Angeles County's municipal storm water sewer system and eventually flows into the Tujunga Wash and the Los Angeles River. Plaintiff alleges that this storm water contains levels of total suspended solids ("TSS"), oil and grease ("O&G"), and iron in excess of the benchmark levels set by the Environmental Protection Agency ("EPA") and in violation of the Best Available Technology Economically Achievable ("BAT") and Best Conventional Pollutant Control Technology ("BCT") standards mandated by the General Storm Water Permit ("General Permit") issued by California under the authority granted to it by the EPA's National Pollutant Discharge Elimination System ("NPDES"). The General Permit requires permittees such as Armorcast to implement Best Management Practices ("BMPs") that achieve BAT and BCT for particular categories of pollutants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | | Date | February 9, 2015 |
|---|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | | |

II.     **Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

III.    **Analysis**

Armorcast's Motion to Dismiss asserts that Plaintiff has not alleged sufficient facts to establish that it has standing to pursue its claims. Armorcast also contends that the SAC is deficient because it includes allegations that exceed the scope of the pre-litigation notice required by the Clean Water Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | |

and seeks to impose liability based on the application of EPA benchmark levels that are not applicable to Armorcast.

    A.    **Plaintiff's Associational Standing**

Article III of the United States Constitution requires that a litigant have standing to invoke the power of a federal court. Because Article III's standing requirements limit subject matter jurisdiction, a plaintiff's standing to pursue a claim is properly challenged by a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss. See Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). Plaintiff, which is pursuing its claims based on the alleged injuries suffered by its members, must allege sufficient facts to satisfy the requirements for associational standing. Krottner v. Starbucks Corp., 628 F.3d 1139, 1141 (9th Cir. 2010) ("The party asserting federal jurisdiction bears the burden of establishing these [standing] requirements at every stage of the litigation . . . ."). Associational standing has three requirements:

> [A]n association has standing to bring suit on behalf of its members when:
> (a) its members would otherwise have standing to sue in their own right;
> (b) the interests it seeks to protect are germane to the organization's
> purpose; and (c) neither the claim asserted nor the relief requested requires
> the participation of individual members.

Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977). "Although the first two requirements are constitutional in nature, the third is prudential." Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1109 (9th Cir. 2003). "Associational standing is reserved for organizations that 'express the[] collective views and protect the[] collective interests' of their members." Fleck & Assocs., Inc. v. Phoenix, 471 F.3d 1100, 1106 (9th Cir. 2006) (quoting Hunt, 432 U.S. at 345, 97 S. Ct. at 2442). To satisfy the requirements for associational standing, the association's members must possess sufficient "indicia of membership—enough to satisfy the purposes that undergird the concept of associational standing: that the organization is sufficiently identified with and subject to the influence of those it seeks to represent as to have a 'personal stake in the outcome of the controversy.'" Or. Advocacy Ctr., 322 F.3d at 1111 (quoting Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 261, 97 S. Ct. 555, 560, 50 L. Ed. 2d 450 (1977)).

For the purpose of ruling on a motion to dismiss for lack of standing, the Court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011). Rule 12(b)(1) jurisdictional attacks can be either facial or factual. In a facial attack, the allegations are presumed true and the "challenger asserts that the[y] are insufficient on their face to invoke federal jurisdiction." Safe Air For Everyone v. Meyer, 373 F. 3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Courts should refrain from resolving factual issues where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | |

factual issues going to the merits." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); see also Safe Air, 373 F. 3d at 1039; Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F. 3d 1090, 1094 (9th Cir. 2008) ("As a general rule, when the question of jurisdiction and the merits of the action are intertwined, dismissal for lack of subject matter jurisdiction is improper.").

The Supreme Court has held that to have standing under the Constitution, a party must show it has suffered an "injury in fact," that there is a "causal connection between the injury" and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136-37, 119 L. Ed. 2d 351 (1992). To demonstrate an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized [citations] and (b) 'actual or imminent, not "conjectural" or 'hypothetical.'" Lujan, 504 U.S. at 560, 112 S. Ct. at 2136 (citations omitted). To meet this test, the "line of causation" between the alleged conduct and injury must not be "too attenuated," and "the prospect of obtaining relief from the injury" must not be "too speculative." Allen v. Wright, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984); Maya, 658 F.3d at 1070.

The party invoking federal jurisdiction bears the burden of establishing these elements. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S. Ct. 596, 608, 107 L. Ed. 2d 603 (1990). Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 883-889, 110 S. Ct. 3177, 3186-89, 111 L. Ed. 2d 695 (1990); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 114-15 & n.31, 99 S. Ct. 1601, 1615-16, 60 L. Ed. 2d 66 (1979).

Plaintiff alleges in the SAC that it is "an unincorporated non-profit association" with "members who live, recreate and work in and around waters in the vicinity of" Armorcast's facility. Plaintiff is "dedicated to the preservation, protection, and defense of the environment, particularly with respect to areas and waters near urban industrial communities." The SAC alleges that Plaintiff's members include an individual identified as Robina Suwol, who resides "in and around the Los Angeles River and enjoys using the Tujunga Wash and Los Angeles River for recreation and other activities" into which Armorcast "has caused, is causing, and will continue to cause pollutants to be discharged." Plaintiff asserts that the interests of its "members, including Robina Suwol, have been, are being, and will continue to be adversely affected by Defendants' failure to comply with the Clean Water Act" and that Defendants' continuing acts and omissions "will irreparably harm Plaintiff and its members."

Unlike when it dismissed the FAC with leave to amend because the FAC did not contain sufficient well-pleaded facts to satisfy the requirements for Plaintiff's asserted associational standing, the Court concludes that the SAC alleges sufficient facts to survive Defendants' facial challenge to its standing. Specifically, the SAC alleges sufficient facts describing Plaintiff's organizational structure, the number and type of members, the location of those members, and how the members influence the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | |

organization. Although Defendants posit alternative theories and explanations in an effort to call Plaintiff's standing allegations into doubt, the Court nevertheless concludes that the SAC's allegations in support of Plaintiff's standing are sufficiently plausible to satisfy the Twombly standard and survive Defendants' facial standing challenge.

In response to Defendants' factual challenge to Plaintiff's standing, Plaintiff submitted evidence in support of its Opposition to Defendants' Motion to Dismiss. Defendants filed evidentiary objections to much of that evidence. In response to Defendants' evidentiary objections, Plaintiff subsequently filed a Request for Leave to File Response to Defendants' Objections to Evidence (Docket No. 49) ("Response to Objections") that attaches supplemental declarations and exhibits that cure at least some of the deficiencies identified in Defendants' evidentiary objections. Defendants have filed an Opposition to Plaintiff's Response to Objections in which Defendants contend that Plaintiff's Response to Objections is an impermissible surreply that Plaintiff did not seek permission to file in accordance with the requirements for an ex parte application. Although Defendants are correct that Plaintiff should have proffered its evidence in an admissible form at the time it filed its Opposition, and that the "Request" should have but did not comply with Local Rule 7-19's requirements for an ex parte application, to strike that evidence, and dismiss the SAC with leave to amend, as the Court would have to do because that evidence, at a minimum, establishes that amendment would not be futile, would do nothing more than unnecessarily delay these proceedings.[1/] Moreover, the Response to Objections is not a surreply but is instead simply a response to Defendants' evidentiary objections. In any event, based on the admissible evidence Plaintiff submitted in support of its Opposition, and the additional admissible evidence Plaintiff filed with its Response to Objections, which the Court grants leave to file,[2/] the Court concludes that Plaintiff has submitted sufficient admissible evidence of its standing to survive Defendants' factual challenge.

      B.    **Sufficiency of Plaintiff's 60-Day Notice**

Defendants contend that the SAC fails to state a claim because the SAC includes allegations that were not disclosed in the Pre-Litigation Notice required by the Clean Water Act. Defendants also argue that the 60-day notice did not provide defendant Ari Aleong with adequate notice. "'[C]ompliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit.'" Ctr. for

---

[1/]    In the future, the Court expects both parties to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court. The failure to do so may result in the imposition of sanctions.

[2/]    Plaintiff subsequently filed an Ex Parte Application for Leave to File a Response (Docket No. 54), to which Defendants filed an Opposition. Because the Court has granted leave for Plaintiff to file its Response to Objections, the Court denies the Ex Parte Application as moot. The Court believes that the parties should have been able to resolve these evidentiary and procedural issues without Court intervention through an adequate meet and confer process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | |

Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 800 (9th Cir. 2008) (quoting Hallstrom v. Tillamook Cnty., 493 U.S. 20, 26, 304, 309, 107 L. Ed. 2d 237 (1989)). According to regulations adopted by the EPA, the notice "'shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.'" Id. at 801 (quoting 40 C.F.R. § 135.3(a)). The Ninth Circuit has "sometimes been slightly forgiving to plaintiffs in this area, but even at our most lenient we have never abandoned the requirement that there be a true notice that tells a target precisely what it allegedly did wrong, and when. The target is not required to play a guessing game in that respect." Id.

Here, although the SAC makes several allegations concerning conduct that was not included in the 60-day notice, the SAC repeats many of the allegations that were contained in the 60-day notice. Additionally, the 60-day notice was addressed to Mr. Aleong, among others, and included him in its definition of "Armorcast" used throughout the remainder of the notice. Plaintiff has, therefore, complied with the 60-day notice requirements for most of the allegations and theories of liability contained in the SAC against both Armorcast and Mr. Aleong. The SAC is therefore not subject to dismissal for failure to comply with the 60-day notice requirement. To the extent that Plaintiff failed to comply with the 60-day notice requirement with respect to a limited number of the SAC's allegations, a Federal Rule of Civil Procedure 12(b) motion was not the proper procedural vehicle for challenging the adequacy of those allegations. At this stage of the litigation, and presented with a Rule 12(b) motion to dismiss, the Court cannot strike only those portions of the SAC that may exceed the scope of the 60-day notice. The Court therefore denies Defendants' Motion to Dismiss without prejudice. Defendants may raise issues related to the adequacy of the 60-day notice and whether the notice a sufficiently precise description of particular factual allegations and theories of liability contained in the SAC through a timely and procedurally proper motion.

      C.    **Application of EPA Benchmark Values**

Defendants assert that the SAC fails to state a claim because Plaintiff has relied on EPA benchmark values that do not apply to Defendants. Plaintiff responds that Defendants have misconstrued the SAC and that Plaintiff is not seeking to hold Defendants liable for violating the benchmark values. Instead, according the Plaintiff, it has cited the benchmark values for pH, total suspended solids, oil and grease, and iron only as one factor to consider in determining if Defendants have complied with the BAT and BCT standards.

The Court concludes that Plaintiff has not impermissibly sought to enforce benchmark values that do not expressly apply to Defendants. "EPA Benchmarks are relevant guidelines that should be used to evaluate the efficacy of a facility's BMPs, but . . . samples in excess of those benchmarks do not necessarily constitute a violation of the General Permit." Santa Monica Baykeeper v. Int'l Metals Ekco, Ltd., 619 F. Supp. 2d 936, 945 (C.D. Cal. 2009); see also id. at 946 ("The Clean Water Act, the General Permit, and applicable regulations suggest that the approach to compliance with permits requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5728 PA (FFMx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | California Communities Against Toxics v. Armorcast Products Company, Inc. | | |

assessments based both on industry-wide standards and on an individualized and flexible approach."). As the Court held in Santa Monica Baykeeper, Plaintiff's citations to the EPA benchmark values are used as support for Plaintiff's allegations that Defendants have failed to utilize BAT and BCT as required by the General Permit. Plaintiff is not seeking to impose liability solely on the basis of the EPA benchmark values. The Court therefore declines to grant Defendants' Motion to Dismiss.

## CONCLUSION

For all of the foregoing reasons, the Court denies Defendants' Motion to Dismiss. Defendants shall file their Answer to the SAC no later than February 23, 2015. In its November 12, 2014 minute order granting Defendants' Motion to Dismiss the FAC, the Court stated that it would issue a Scheduling Order if and when Plaintiff alleged a viable claim that it had standing to pursue. Because the Court has denied Defendants' Motion to Dismiss the SAC, the Court will issue a separate Scheduling Order.

IT IS SO ORDERED.