NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, an unincorporated non-profit association,<br><br>Plaintiff,<br><br>vs.<br><br>ARMORCAST PRODUCTS COMPANY, INC., a corporation; ARI ALEONG, an individual,<br><br>Defendants. | Case No. 2:14-CV-05728-PA-FFMx<br><br>**[PROPOSED] PROTECTIVE ORDER RE INITIAL RULE 34 INSPECTION OF ARMORCAST PRODUCTS COMPANY, INC.'S FACILITY** |

The parties, having executed a Stipulation for Entry of Protective Order re

Initial Rule 34 Inspection of Armorcast Products Company, Inc.'s ("Armorcast")

Facility, and good cause appearing,

/ / /

/ / /

**IT IS HEREBY ORDERED** as follows:

a. Any and all information and observations gathered by any individual during the course of <u>any</u> site inspection at Armorcast's facility shall be kept confidential and not disclosed for any purpose outside of this instant litigation. No participant in any site inspection may disclose or discuss what he or she observed and/or learned during the site inspection with any person or entity not directly involved in this litigation, including but not limited to the media, Defendant's competitors, or any other person or entity not subject to this Protective Order.

2. Plaintiff's photographer and consultant, Matthew Hagemann, shall be able to display, distribute and/or disseminate the still photographs he takes at the initial site inspection only to the individuals identified in Paragraph 3(d) of the Stipulation for Entry of Protective Order re Initial Rule 34 Inspection of Armorcast's Facility and, excepting the Court and Court personnel, only once said individuals sign the Agreement To Be Bound By Terms of Protective Order that is attached to parties' Stipulation (a copy of which is attached hereto as Exhibit "A").

3. There shall be no other display, distribution or dissemination of said photographs except pursuant to court order or further stipulation of the parties.

4. Plaintiff shall provide electronic copies of all photographs taken during any site inspection to counsel for Defendant on the same day as the site inspection.

i. Defendants, following their review of the photographs taken by Plaintiff's consultant, may contest the nature and scope of any photograph as infringing upon Defendant's confidential business dealings or trade secrets.  Defendants may raise the issue to the Magistrate Judge, or an agreed upon neutral, and explain why the photograph(s) has no relevance or value to the litigation and must be immediately destroyed by Plaintiff.  Plaintiff will also have an ability to brief the Magistrate Judge, or agreed upon neutral, and explain why it should be permitted to keep the photograph due to its relevance and relation to the underlying ligitation.  The Magistrate Judge, or agreed upon neutral, will then rule upon the appropriateness of the photograph(s) and whether it may be maintained by Plaintiff.

5. At least 30 days prior to any disclosure of said photographs pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff shall provide electronic copies of photographs to Defendant.  Within 15 days of receipt of said photographs, Defendant shall confer in good faith with Plaintiff and identify which, if any, photographs implicate proprietary concerns, confidential information and/or trade secret information.  To the extent the parties agree that specified photographs

implicate any such concerns, the parties and their attorneys shall mark each such photograph as "**CONFIDENTIAL**" by imprinting the word "**CONFIDENTIAL**" on the photograph and any filing by the parties of such photographs shall be with the request that they be filed under seal pursuant to this agreement and Local Rule 79-5. To the extent the parties agree that specified photographs do not implicate proprietary concerns, confidential information and/or trade secret information, such photographs are no longer subject to the terms of this stipulation or the accompanying protective order.  If a party or an attorney for a party has a good faith belief that certain photographs are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such photograph as "**CONFIDENTIAL.**"  To the extent the Parties cannot agree whether certain photographs should be protected or not and marked as "**CONFIDENTIAL**," either party may seek to resolve such dispute by way of noticed motion pursuant to Local Rule 37-2.  Pending the resolution of any such motion, said photographs shall remain subject to the protective order. The parties may wish to initiate the review procedure set forth in this paragraph at an earlier date to the extent it may promote efficiency in the proceedings and not disadvantage either party.

/ / /

6. Any photograph which is marked "**CONFIDENTIAL**" may be used by a

party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. If a party or attorney wishes to disclose any photograph marked "**CONFIDENTIAL**" to any person actively engaged in working on the above-captioned matter (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

    a. Provide a copy of this Protective Order to the person to whom disclosure is made;

    b. Inform the person to whom the disclosure is made that she/he is bound by this Protective Order;

    c. Require the person to whom disclosure is made to sign the Agreement to Be Bound By Terms of Protective Order;

    d. Instruct the person to whom disclosure is made either to return any photograph marked "**CONFIDENTIAL**" to the party or attorney at the conclusion of the case;

    e. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" photographs which were disclosed to that person; and

/ / /

    f. Provide a copy of the list referenced in subparagraph 5(e) above to the

other party's attorney.

7. Prior to the completion of the procedure described in Paragraphs 4-5 above, in the event a motion is or motions are filed that refer to any or all of the said photographs, the photographs themselves shall be filed with the request that such filing be under seal pursuant to the Federal Rules of Civil Procedure and Local Rules. Upon the completion of the procedure set forth in Paragraphs 4-5, this paragraph shall not apply to those photographs which the parties agree to release from the parties' Stipulation or which the Court has ordered are not protected.

8. Prior to the completion of the procedure described in Paragraphs 4-5 above, at any deposition session photographs shown to a witness may be attached as an exhibit to the transcript, but said exhibits shall be placed in a sealed envelope by the deposition reporter and the envelope marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER DATED _____." Copies of said photographs made by the deposition reporter shall only be displayed, distributed or disseminated in accordance with the parties' Stipulation and this Protective Order. Upon the completion of the procedures set forth in Paragraphs 4-5, this paragraph shall not apply to those photographs which the parties agree to release from this agreement or which the Court has ordered are not protected. A party may designate testimony disclosed during a deposition as "**CONFIDENTIAL**" by notifying the other parties in writing within

thirty (30) days following receipt of the transcript or other method for recording the testimony permitted by Fed. R. Civ. P. 30(b)(3) of those portions of the recording to be so designated. All deposition recordings and transcripts where a photograph marked as "**CONFIDENTIAL**" was used as an exhibit shall be treated as "**CONFIDENTIAL**" for a period of thirty (30) days following receipt of the recording or transcript. The portions of the recording or transcript designated as "**CONFIDENTIAL**" shall be subject to the terms of this Protective Order.

9. If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial of the above-captioned action, any "**CONFIDENTIAL**" photograph or deposition testimony, she/he must provide 30 days' notice to the other party's counsel. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution.

10. All photographs marked as "**CONFIDENTIAL**" shall be maintained in confidence, and in a secure and safe area, by the permitted recipients to whom it was disclosed.

11. Upon the conclusion of the above-entitled litigation, all photographs in

7

Case No. 2:14-cv-05728-PA-FFMx

the possession of Plaintiff, Plaintiff's counsel, any expert witnesses and consultants employed by Plaintiff, and/or any witness at any deposition or proceeding in this litigation that remain subject to the protective order subsequent to the completion of the procedure described in Paragraphs 4-5 above, including, but not limited to all copies of same in any form, shall be returned to counsel for Defendant.  The return shall take place within thirty (30) business days following said conclusion.  No copies shall be retained by Plaintiff or any of the persons to whom said photographs or copies thereof have been delivered or disseminated in accordance with this Protective Order.  At said time Plaintiff shall certify in writing that this section has been satisfied.

**12.    If a party to whom "CONFIDENTIAL" material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce "CONFIDENTIAL" materials in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this**

**order from any obligation to comply with a validly issued subpoena or order.**

**(FFM)**

Dated: April 2, 2015

                                    /S/ FREDERICK F. MUMM

                                    Hon. Frederick F. Mumm
                                    United States Magistrate Judge